UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. |
| | ) |
| JBM, INC. d/b/a MULTIBAND, | ) |
| | ) 1:09-cv-1279 SEB-JMS |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff James Bell ("Bell" or "Plaintiff"), by counsel, brings this action against JBM, Inc. d/b/a Multiband ("JBM" or "Defendant") for violations of Section 7 of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* ("FLSA"), and shows as follows:

### PARTIES

1. Bell is an individual who resides in Fayette County, Indiana. At all times relevant to this action, he was an "employee" within the meaning of the FLSA, 29 U.S.C. §203(d)(1).

2. JBM is a for-profit corporation doing business in the Southern District of Indiana. At all times relevant to this action, JBM was an "employer" within the meaning of the FLSA, 29 U.S.C. 203(e).

### JURISDICTION AND VENUE

3. This Court properly has jurisdiction over Defendant because Plaintiff asserts a claim arising under federal law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the Defendant conducts business in this district and the challenged conduct occurred in this district.

## FLSA COVERAGE

5. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

6. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1)(A), in that the enterprise had employees engaged in commerce and had annual gross volume of sales made or business done of not less than $500,000.

7. At all times hereinafter mentioned, Plaintiff has been an employee "engaged in commerce or in the production of goods for commerce."

## FACTUAL ALLEGATIONS

8. Bell was hired as an Installer by JBM on or about January 19, 2006.

9. Bell became a Service Tech for JBM on or about April 31, 2009.

10. While an Installer, Bell was compensated at specified rates for each "job" he completed.

11. While an Installer, Bell was instructed not to turn in any timecard which reported more than thirty-five (35) hours in a single workweek.

12. While an Installer, Bell regularly worked in excess of forty (40) hours in a single workweek, including off-the-clock hours which Bell was instructed not to report.

13. JBM knew Bell was working off-the-clock and overtime hours while working as an Installer.

14. While a Service Tech, JBM paid Bell an hourly wage.

15. While a Service Tech, Bell regularly worked at least forty (40) hours per workweek.

16. While a Service Tech, Bell worked off-the-clock hours to complete tasks assigned by JBM, including case management, quality control check-sheets, and transfer of records into JBM's computer system.

17. JBM knew Bell was working off-the-clock hours while working as a Service Tech.

## COUNT I: FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH 29 U.S.C. §207

18. Paragraphs 1-17 of this complaint are hereby incorporated by reference.

19. JBM did not compensate Bell for hours all hours worked in excess of forty (40) in a single workweek at a rate of one and one-half times his regular rate, as required by Section 7 of the FLSA. 29 U.S.C. §207.

20. JBM acted knowingly, willfully, or with reckless disregard with respect to Bell's rights in failing to pay overtime wages to Bell, in violation of the requirements of the FLSA.

21. Bell suffered damages as a result of JBM's failure to comply with Section 7 of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and requests relief as follows:

a. An Order pursuant to 29 U.S.C. §207 finding JBM liable for overtime wages due to Plaintiff;

b. An Order awarding all unpaid wages due to Plaintiff;

c. An Order awarding Plaintiff liquidated damages equal to his unpaid wages;

d. An Order awarding the costs of this action;

  e.  An Order awarding Plaintiff his attorneys' fees;

  f.  An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

  g.  An Order granting such other and further relief as may be necessary and appropriate.

              Respectfully submitted,

              _____
              Philip J. Gibbons, Jr. (#19353-49)

              _____
              Andrew G. Jones (#23020-49)

              GIBBONS JONES, P.C.
              Two Meridian Plaza
              10401 North Meridian Street, Suite 300
              Indianapolis, Indiana 46290
              Telephone: (317) 706-1100
              Facsimile: (317) 616-3336
              E-Mail:  pgibbons@gibbonsjones.com
                    ajones@gibbonsjones.com

              Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff James Bell, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

Philip J. Gibbons, Jr. (#19353-49)
Andrew G. Jones (#23020-49)
GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 300
Indianapolis, Indiana 46290
Telephone:   (317) 706-1100
Facsimile:   (317) 616-3336
E-Mail:      pgibbons@gibbonsjones.com
             ajones@gibbonsjones.com

Attorneys for Plaintiff